**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-12-08-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| JESSE JAMES EDWARDS, | |
| Defendant. | |

Defendant Jesse James Edwards moved for early termination of his supervised release on April 15, 2019. (Doc. 198) The Government opposes the motion. (Doc. 202.) The Court conducted a hearing on April 23, 2019. (Doc. 203.) The Court stated that it would terminate early Edwards period of supervision on June 1, 2019, as long as Edwards remained compliant with his conditions of supervised release. *Id.*

Edwards pleaded guilty to Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), as charged as Count IV of the Indictment on March 27, 2012. (Doc. 55.) The Court sentenced Edwards to a term of imprisonment of 105 months followed by three years of supervised release. (Docs. 126, 127.) Edwards filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) on March 19, 2015. (Doc. 159.) The Court granted Edwards motion and reduced Edwards's sentence from 105 months to 87 months on June 8, 2015. (Doc. 174.) Edwards began his period of supervision on July 28, 2017. (Doc. 193 at 1.)

The United States Probation Office ("USPO") filed a Report of Offender Under Supervision on August 8, 2017. (Doc. 191.) The August 8, 2017, report alleged that Edwards had violated the conditions of his supervision by: (1) refusing to provide a requested breath sample, (2) being charged with the offense of disorderly conduct, and (3) consuming alcohol. *Id*. 1-2. The Court agreed with USPO's recommendation that Edwards be allowed to continue his period of supervision. *Id*. at 2.

USPO filed a subsequent Report on Offender Under Supervision on August 29, 2017. (Doc. 193.) The August 29, 2017, report alleged that Edwards had violated the conditions of his supervision by: (1) being charged with the offense of reckless driving, (2) failing to notify his probation officer that he had been charged with reckless driving, (3) using methamphetamine, and (4) consuming alcohol. *Id*.

at 1-2. The Court agreed with USPO's recommendation that Edwards's release be continued and that he attend outpatient treatment. *Id*. at 2-3.

USPO filed another Report on Offender Under Supervision on September 27, 2017. (Doc. 194.) The September 27, 2017, report alleged that Edwards had violated the conditions of his supervision by possessing a control substance and by using methamphetamine. *Id*. at 1-2. USPO recommended that Edwards's "release be continued to allow him [to] attend outpatient treatment and prove to the Court [that] he can remain in the community without continuing to accrue violations." *Id*. at 2. The Court agreed with USPO's recommendation. *Id*.

A defendant, who has successfully completed one year of his supervision, is authorized to move for termination of her supervised release. 18 U.S.C. §§ 3564(c), 3583(e)(1). The Court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Court may terminate a defendant's supervision, if after looking at the 18 U.S.C. § 3553(a) factors, the Court finds that termination is "warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e)(1).

Edwards's counsel Tony Gallagher represents that United States Probation Officer Jessica Heim has stated that Edwards "is a success story." (Doc. 199 at 4.) Edwards has complied with supervision in all aspects since the September 27,

2017, report. *Id*. Edwards successfully has completed treatment with Karen Bauman. *Id*. Edwards also has paid in full his child support obligation. (Docs. 201-1 at 6-8, 201 at 2.) Edwards currently is employed as a manager at the Golden Corral. *Id*.

Friends of Edwards notes that Edwards has made great strides since beginning his period of supervision. (Doc. 201-1 at 2.) His co-workers and supervisors at the Golden Corral quip that Edwards is sincere, punctual, dedicated, efficient, hardworking, and cheerful. (Doc. 201-1 at 1, 3, 4, 5.) Edwards is also known for having impeccable performance at work and for being able to make tough decisions on the job. *Id*. at 3, 5.

The Government opposes Edwards's motion. (Doc. 202.) The Government highlights Edwards's lengthy criminal history before he committed the instant offense. *Id*. at 4-5. The Government ultimately requests that Edwards remain on supervised release at the very least until the end of 2019. *Id*. at 6.

Edwards began his supervision on July 28, 2017. (Doc. 193 at 1.) USPO filed three reports on offender under supervision filed within Edwards's first two months of supervised release. (Docs. 191, 193, 194.) Since those reports Edwards has complied fully with conditions of supervision. Edwards has maintained employment, has completed treatment, has fulfilled his child support obligation,

and has since married. The Court finds that early termination of Edwards's supervised release serves the interests of justice.

Accordingly, IT IS ORDERED:

Edwards's Motion for Early Termination of Supervised Release (Doc. 198) is GRANTED. Edwards is DISCHARGED from supervised release.

DATED this 3rd day of June, 2019.


Brian Morris
United States District Court Judge